HEZEKIAH M. WEAD *et al.*

*v.*

JOSHUA LARKIN *et al.*

M_EASURE_ _OF_ _DAMAGES_—*in action on covenant of warranty.* L, a grantee holding a covenant of warranty, was sued in ejectment by C, and a recovery had. C conveyed the premises to W, from whom L purchased: *Held,* in an action of covenant by L against his original grantors, that L, by the deed from W, obtained only the naked legal title, as the conveyance by C to W did not pass C's claim to *mesne profits ;* and L, never having paid *mesne profits,* nor been damnified by the assertion of a claim to them, and C's right to recover them having been cut off by the statute, prior to the trial of L's suit, the defendants could only be charged with interest from the date of C's deed to W, the possession and profits having been enjoyed by L up to that time, under defendant's deed to him, and his purchase from W only covering the *mesne* profits back to the time when W's title accrued.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

This was an action of covenant, brought by the appellees, in the circuit court of Cook county, against the appellants, and was before this court at the April term, 1866, and is reported in the 41 Ill. 413, where will be found a full statement of the facts.

Messrs. HARDING & WEAD, *pro sese.*

Messrs. GOUDY & CHANDLER, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This case was before this court at the April term, 1866, and is reported in 41 Ill. 413, and the material questions presented by it were then decided. We there held the evidence showed an eviction under a paramount title for which these defendants must respond upon their covenants. It is not necessary to discuss again, in detail, the several points then and now presented. We find no error in this record except upon one question, and that relates to the date from which interest should be computed upon the purchase money as against the covenantors. We fully adhere to the general rule laid down in our former opinion upon that subject, but we were in error in supposing Larkin bought directly from the plaintiff in the ejectment.

Our attention is now, however, more particularly called to the conveyances from Cross to Williams, and from Williams to Larkin. The first bears date September 7, 1862, the second December 25, 1862, and the judgment in the ejectment was rendered January 13, 1862. If Larkin had bought directly from Cross, as was supposed in the former opinion, the presumption might well be indulged that the purchase was made

as a settlement of the entire litigation, including the claim of Cross to *mesne* profits, as it was made within less than a year from the date of the first judgment, and the Larkin heirs could have taken another trial. But Cross had conveyed to Williams, and this conveyance did not pass his claim to the *mesne* profits, which was a *chose in action*, and there is, therefore, no ground on which we can presume that the purchase by Larkin was anything more than a purchase of the naked legal title, without reference to *mesne* profits. Adams on Eject. 389 ; *Fenn* v. *Stille*, 1 Yates, 154. As, therefore, the Larkin heirs have never paid *mesne* profits, nor been damnified by the assertion of a claim to them, and as the right of Cross to claim them was cut off by the statute before this suit was tried, there is no basis for charging the appellants with interest except from the date of the deed from Cross to Williams, the possession and profits of the land having been enjoyed by the appellees until that time, under the deed of appellants, and their purchase from Williams only covering the *mesne profits* back to the time when his title accrued.

*Decree reversed.*