HEZEKIAH M. WEAD

*v.*

JOSHUA LARKIN *et al.*

1. COVENANT OF WARRANTY—*whether it runs with the land.* Where a deed of conveyance of land contains a covenant of warranty, and the covenantee takes possession and conveys to another, such covenant will pass to the second grantee, although the covenantor may not have been in possession of the land at the time of his conveyance.

2. It is not to be implied, however, although the covenantor was not in possession at the time he conveyed, that it is essential to the right of a remote grantee to maintain an action on the covenant, that the original grantee and covenantee should have taken possession before he conveyed; but the better rule would seem to be, that the covenantor, who has conveyed land of which he was not in possession, whether sued by an immediate or remote grantee, is estopped by his deed from denying that he had an estate in the land to which his covenants would attach, and which would pass by deed.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This was an action of covenant, brought by Joshua Larkin and others against George F. Harding and Hezekiah M. Wead. The declaration alleges the breach of a covenant of warranty contained in a deed of conveyance, executed by the defendants to Curtis Worden and Albert Worden, and that the father of the plaintiffs, by conveyance from those grantees, became the assignee of their title, and of the covenant of warranty, and that the plaintiffs succeeded to the same rights by the death of their father.

The form of the covenant counted on is as follows : "And we, the said George F. Harding and H. M. Wead, for ourselves and our heirs, do covenant to and with the said Curtis Worden and Albert Worden, their heirs and assigns, that we will forever warrant and defend the title to said tract of land against all patent titles whatever, and against none other."

A trial resulted in a finding and judgment in favor of the plaintiffs. The case is brought to this court by appeal.

The appellant contends that the action will not lie, because, at the time they executed the deed containing the covenant sued upon, the covenantors were not in actual possession of the land, and had no estate in it of any kind, and therefore the covenant did not run with the land, and the grantee of the immediate covenantee can not sue.

Mr. J. L. Bennett, for the appellant.

The appellant had neither title nor possession, at the date of his deed to Wordens. Hence the covenant in that deed is a naked covenant with Wordens, which, like any other chose in action, is not assignable, and did not pass to the plaintiffs as his assignees.

It is believed that no authority holding a contrary doctrine can be found, but this principle is as well settled as any in jurisprudence.

In *Slater and another* v. *Rawson,* 1 Metcalf, 456, the question in this case came up and was decided for the defendant. The

court say : " to support an action by an assignee on the cove-
nant of warranty, it is necessary that the warrantor should
have been seized of the land ; for, by a conveyance without
such seizin, the grantee acquires no estate, and has no power
to transfer to a subsequent purchaser the covenants in his deed ;
because, as no estate passes, there is no land to which the cove-
nants can attach.".

To the same effect is the very well considered case of *Nesbit*
v. *Nesbit et al. Exrs.* 1 Taylor's (N. C.) Conf. R. p. 403, where
the authorities are cited and the principle defended against the
argument of hardship and inconvenience (p. 410). It will be
noted that in the case at bar it is true, as in this case, that the
plaintiffs themselves show that the paramount title was out of
the warrantors, in a third party, thus putting themselves out
of court.

To the same effect are the following cases, cited in 1 Taylor,
viz :   *Noke* v. *Awder*, Cro. Eliz. 373, 476 ; *Webb* v. *Russell*, 3
Term R. 393.

Kent lays down the doctrine thus, viz :   covenants " can not
be separated from the land and transferred without, but they
go with the land, as being annexed to the estate, and bind the
parties in respect to privity of estate."   4 Kent's Com. 471,
note B. 3 Ed.

The same principle is supported by the series of authorities
that hold, that where the grantor and warrantor has possession
at the date of his deed, that possession is an estate in the land,
which, by his grant, passes to his grantees, and from them, by
intermediate conveyances, will pass to their grantees, with the
covenant of warranty annexed. *Slater* v. *Rawson*, 6 Metc.
443–7 ; *Moore* v. *Merrill*, 17 N. H. 81 ; *Beddoe's Exr.* v.
*Wadsworth*, 21 Wend. 120 ; *Wilson* v. *Widenham*, 51 Maine,
566 ; *Fowler* v. *Poling*, 2 Barb. 306 ; *Same* v. *Same*, 6 Barb.
166.

The principle is also recognized by SPENCER, Justice, in
*Greenby* v. *Wilcocks*, 2 Johns. 1, where he says :   " It is objected
that the plaintiffs can not recover on the covenants of seizin,

and that the grantee had power to convey, because it is alleged in the declaration that there was a total defect of title in the defendant at the time he executed the deed, and that the covenants then broken could not be assigned over to the first grantee. There is great force in this objection, and it appears to me to be conclusive. Choses in action are incapable of assignment at common law; and what can distinguish these covenants, broken the moment they are made, from an ordinary chose in action. The covenants, it is true, are such as run with the land, but here the substratum fails, for there was no land whereof the defendant was seized, and of consequence none that he could alien. The covenants are, therefore, naked ones, uncoupled with a right to the soil."

The same doctrine is recognized by Chief Justice PARSONS, in *Marston* v. *Hobbs*, 2 Mass. R. 433, where he says: "It is clear that an action for the breach of these covenants (of seizin and power to convey) can not be maintained by an assignee of the purchaser, because no estate passed to which these covenants could be be annexed."

The same doctrine is implied in the general doctrine of Spencer's case, 5 Co. 176, viz: that the assignee, by reason of privity of estate, is entitled to the benefit of all covenants running with the land.

Being merely accessories to the estate, they can not pass by a deed that, for want of an estate upon which to operate, is ineffectual as a conveyance. See, also, as a case directly in point, *Andrew* v. *Pearce*, 4 Bos. and Pul. 158. There the estate had determined before the assignment, and it was held, that the covenant running with the land ceased to be assignable by the determination of the estate, and that the assignee could maintain no action upon it.

This doctrine is also stated as settled law in *Martin, Admr.* v. *Gordon*, 24 Geo. 535; opinion of BENNING, Judge.

And in *Beardsley* v. *Knight*, 4 Vt. 471, it is held, that an action of covenant could not be maintained at all by one to

whom the land did not pass, by reason of a want of a seal to the instrument of conveyance.

See, also, the general principle recognized in *Administrators of Backus* v. *McCoy*, 3 Ham. Ohio, 221, and in *Randolph's Administrators* v. *Kinney*, 3 Randolph, 396, where the court say : " But here, the land not passing, the warranty could not pass."

The doctrine upon which these cases are based was also recognized in *Whittier* v. *Peacock*, 3 Bing. N. C. 411 ; *Paugeter* v.*Harris*, 7 C. B. 708 ; *Green* v. *James*, 6 Mees. & Welsby, 656 ; *Allen* v. *Walley*, 1 Blackford, 249 ; *Bartholomew* v. *Condee*, 14 Pick. 167.

Messrs. Goudy & Chandler, for the appellees.

We do not controvert the position that, at common law, it was necessary that the warrantor should have been seized of the land, in order to support an action by the assignee on the covenant of warranty. The doctrine seems to have been recognized by the English authorities and by the courts of some of the States, though we conceive the rule to be founded upon weak reasoning. To say that the covenant does not run with the land, because the covenantor had no land to which it could attach, when he purported to convey land, and covenanted with his grantee and his assignees that he did own the land, seems to us to be absurd. The covenantor ought to be estopped by his deed and covenants from denying his seizin. He should not be allowed to say to his covenantees (for he covenants with the grantees' heirs and assigns as well as with the grantees), my covenant with you is broken, but because it is broken I am not liable.

How extensively this doctrine has been recognized as law, by the courts of the United States, we do not think it worth while to consider, as it is immaterial in this case.

All the authorities concur in establishing, that possession in the covenantor constitutes a sufficient estate to satisfy the technical common law rule, and to pass the covenant to an assignee.

We refer to the cases cited by appellant. *Slater* v. *Rawson*, 6 M. & C. 443, *et seq.*

The statute of conveyances of Illinois, sec. 4, declares, that " any person claiming right or title to lands, tenements or hereditaments, although he, she or they may be out of possession, and notwithstanding there may be an adverse possession thereof, may sell, convey and transfer his or her interest in and to the same in as full and complete a manner as if he or she were in the actual possession of the lands and premises intended to be conveyed ; and the grantee or grantees shall have the same right of action for the recovery thereof, and shall, in all respects, derive the same benefit and advantage therefrom, as if the grantor or grantors had been in the actual possession at the time of executing the conveyance."

By another section, livery of seizin is abolished.

At common law, livery of seizin was indispensable to vest the title in the grantee.

The two sections of our statute above referred to, were passed to avoid the evils growing out of this rule, one of which was the very thing for which appellant contends. Livery of seizin required possession in the grantor to pass the title, and, therefore, without possession, he could make no conveyance effectual to pass the title, and could not confer upon his grantee any estate ; that is, he had no land to which the covenants could technically attach, and his covenant became a naked one. But it was held, that if he had possession, though no title, he could pass something in the nature of an estate to which the covenant would attach. The forgoing sections of our statute, then, provide that the same results shall flow from the act of the grantor, as to the effect of his deed, as if he were in possession, and his deed should be treated, and be effectual, as though he were in possession.

The fourth section of the conveyance act of the State of Missouri, is the same in substance as the fourth section of our act, and has received a construction by the supreme court of that State, in the case of *Vancourt* v. *Moore*, 26 Mo. 96, in which

the court say : " It is conceived that this provision does away with that rule of the common law, which required a grantor of land to be seized thereof when he makes his deed of conveyance, in order that his covenant of warranty may attach to and run with the land. This section was introduced to enable persons having claims to land, without possession, or even in case of adverse possession, to alien such lands as though they were seized thereof."

This, we conceive, disposes of the first point made by appellant.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This case has been twice before this court, and will be found reported in 41 Ill. 415, and 49 Ill. 99. The facts are set forth in the opinion in 41 Ill. and it is unnecessary to repeat them here. After a third verdict and judgment against the defendants in the circuit court, they again bring the record here and submit it upon a question which has not hitherto been raised. It is now for the first time claimed, that the action will not lie, because the defendants, at the time they executed the deed containing the covenant upon which they are now sued, were not in actual possession of the land, and had no estate in it of any kind. It is contended, in such cases, the covenants in a deed do not run with the land, because there is no estate to which they can attach, and, therefore, the grantee of the immediate covenantee can not sue.

It is true, it has been held by the current of authorities, that the covenants of seizin, of a right to convey, and that the land is free from incumbrances, being *in presenti*, if broken at all, are broken as soon as made, and becoming at once mere choses in action, do not run with the land, or, in other words, do not pass to the grantee of the immediate covenantee. But, even on this point, there is some contradiction in the authorities, the King's Bench having held, in *Kingdon* v. *Nottle* 1 Maule & S.

355, and 4 ib. 53, that the assignee might sue, on the ground that the want of seizin is a continuing breach. So, too, it was held in *Admr. of Backus* v. *McCoy*, 3 Ohio, 211, that the covenant of seizin runs with the land, so long as the purchaser and the successive grantees under him remain in possession, and the rule is enforced by the court with very cogent reasoning.

But if it be true that these covenants *in presenti* can not be made the basis of an action by the assignee, it is not denied that the covenant of warranty, which is the covenant in the case at bar, runs with the land and protects the grantee of the covenantee. This was settled in Spencer's case, 5 Coke, and has probably never since been denied. It is claimed, however, in behalf of appellant in the present case, that, although this covenant runs with the land, yet, if the covenantor has neither actual possession nor legal title, there is no estate to which it can attach, and it does not pass to the grantee of the covenantee.

In support of this position, counsel cite the case of *Slater* v. *Rawson*, 1 Metc. 456, and, it must be admitted, this doctrine is there announced. The court say : " To support an action by an assignee, on the covenant of warranty, it is necessary the warrantor should have been seized of the land, for by a conveyance without such seizin, the grantee acquires no estate, and has no power to transfer to a subsequent purchaser the covenants in his deed ; because, as no estate passes, there is no land to which the covenants can attach." It is, however, admitted by the court, that if the covenantor is seized in fact, though without title, the covenant does attach and pass to the assignee, and when the same case came again before the court, at a subsequent term, as reported in 6 Metc. 442, the plaintiff was allowed to recover, on the ground, that the covenantor had cut timber and hoop poles from the land, and thus had such a seizin as caused his covenants to attach to the land and pass to the grantee of the covenantee.

Notwithstanding our great respect for that court, this seems to us a very striking instance of the sacrifice of substance to

shadow—the true meaning and spirit of a rule, to the mere form of words in which it has been found convenient to express it.

A reason at least technically sound, whether in fact satisfactory or not, can be given why covenants *in presenti* do not pass to the assignee. The reason assigned for this rule by the courts which maintain it, is, as already stated, that these covenants, if broken at all, are broken as soon as made, and the covenantee thus acquires a mere chose in action, which, under the rules of the common law, can not pass to an assignee by a conveyance of the land. But not so with the covenant of warranty. That operates only *in futuro*, and is only broken by eviction. It is admitted that it attaches to the land and passes to the assignee, if the covenantor has a seizin in fact, though a wrongful seizin. Why, then, should it not pass to the assignee of the covenantee, if the land is vacant at the time the covenant is made, and the covenantee, as in the present case, enters under his deed and then conveys? If the land were adversely held at the time of the first conveyance, and if the common law, rendering such a conveyance void, were still in force, it might be said, the covenants were void as to the covenantee. But it is admitted in the case at bar, as it was in the Massachusetts case, that the covenant was a valid covenant to the covenantee, even though the covenantor was not in possession of the land. But, it was said, it did not pass to the assignee, because it attached to the estate, and the assignee took no estate. Yet, if a wrongful seizin on the part of the assignor would cause it to attach to the estate, and pass to remote grantees, and if, in the absence of seizin by the covenantor, the covenant was valid to the covenantee, as is admitted, we should like to inquire why, as soon as the covenantee took possession of the vacant land, the covenant did not then at once attach to the land, and pass with the conveyance of the covenantee? If the question of possession is at all important in reference to the passing of this covenant to an assignee, it is not the possession of the covenantor that is material, but that of the covenantee when he makes his conveyance. Then is the

498 WEAD *v.* LARKIN *et al.* [Sept. T.,

Opinion of the Court.

first time that the covenant passes as attached to the estate. When first made, it is made to the covenantee directly and in person, and he takes its benefit by virtue of his contract, and not as an incident to the estate. It can certainly never be held, that if he takes possession and is evicted by paramount title, he can not recover, because the land was vacant when the deed was made to him. Even then, if we concede that he must take possession before he can pass the covenant to his grantee, as attached to the land, we are wholly unable to see why it does not pass if he has taken possession, or what the possession or non-possession of the covenantor, when the covenant was made, has to do with its passing to the grantee of the covenantee. The cases of *Moore* v. *Merrill*, 17 N. H. 81 ; *Beddoe's Exrs.* v. *Wadsworth*, 21 Wend. 120, and *Fowler* v. *Poling*, 6 Barb. 166, cited by counsel for appellant, so far from being inconsistent with the position we have here taken, seem rather to support it. The last case was first heard at special term before a single judge, and is reported in 2 Barb. 306. It was held, as in the Massachusetts case, that as the covenantor had no possession, the covenant did not pass to the assignee. An appeal was taken to the general term, and it was there held, the conveyance by the covenantee in possession passed the covenant to the assignee.

The case of *Nesbitt* v. *Nesbitt*, 1 Taylor N. C. Rep. also cited by counsel for appellant, was one in which the grantors, by the face of their deed, did not purport to convey their own land, but that of their daughter, and covenanted that she should make good the title on her coming of age. The court held the covenants were collateral to the title, and did not pass to the assignee. The decision is based on the peculiar character of the deed and covenants. The question was, whether the covenants in the peculiar deed before the court could pass to an assignee, and did not turn upon the question of possession.

Our conclusion is, that where the covenantee takes possession and conveys, the covenant of warranty in the deed to him will pass to his grantee, although the covenantor may not have been

in possession at the time of his conveyance. This is the case at bar.

It is not, however, to be supposed, because we do not now lay down a broader rule than is required by the case before us, that we hold, by implication, the covenants would not pass if the immediate covenantee should convey before taking possession. On the contrary, it would much better comport with the interests of this State, where vacant lands are so largely an article of commerce, to hold that the covenantor, whether sued by an immediate or remote grantee, is estopped by his deed from denying that he had an estate in the lands to which his covenants would attach, and which would pass by deed. The covenant, it is true, passes to the assignee as appendant to the land, but this does not mean the actual title to the land, for, in such cases, no covenants would be needed. They are intended as a protection to the covenantee and his assignees, in case the covenantor has no title, and it is a very extraordinary mode of reasoning which leads to the conclusion, that, if the covenantor's want of title is also accompanied by a want of possession, for that reason he should be excused from liability to the remote grantee. We should be inclined rather to say, that although the covenant of warranty is attached to the land, and for that reason is said, in the books, to pass to the assignee, yet this certainly does not mean that it is attached to the paramount title, nor does it mean that it is attached to an imperfect title, or to possession, and only passes with that, but it means, simply, that it passes by virtue of the privity of estate, created by the successive deeds, each grantor being estopped by his own deed from denying that he has conveyed an estate to which the covenant would attach.

In the case at bar, the defendants conveyed to the Wordens, and in their deed covenanted with them, their heirs and assigns, that they would forever warrant and defend the premises against patent titles. The land was then vacant. The Wordens took possession under their deed, and subsequently sold and conveyed to Larkin, and delivered to him the possession. An action of

ejectment was brought against him, pending which he died, and his heirs, the present plaintiffs, having been made parties, judgment passed against them, and they were evicted by a para-mount patent title. The covenant of warranty in defendant's deed was never broken until then. It was never a mere chose in action in the hands of the immediate covenantees. No one but these plaintiffs has ever had, or can have, a right of action on this covenant. If they can not have it, the covenant which was inserted in the deed of defendants, in order to give perpetual security to both immediate and remote grantees, has become a dead letter. And why? The only reason that can be given is, because the covenantors, instead of having a partial title or a tortious possession, had no title nor possession of any sort. Their security is to be found in the completeness with which their covenant has been broken. The reasoning does not commend itself to our judgment.

*Judgment affirmed.*