W. R. STEBBINS v. GOTTLEIB WOLF.

1. COVENANT OF WARRANTY; *Breach; Measure of Damages.* In an action to recover damages for a breach of the covenant of warranty, where the warrantee has been evicted, the measure of damages as a general rule, is the value of the land as agreed upon at the time of the conveyance, with interest thereon, together with such reasonable costs and expenses as he has fairly and in good faith incurred in defending his title and in resisting eviction.

2. ———— *Interest; Mesne Profits.* Interest upon the consideration-money is given to counterbalance the mesne profits which the real owner may recover, and therefore for such time as the warantee occupies and enjoys the use of the premises without liability to the owner of the paramount title, no interest is recoverable.

3. ———— *Recovery of Taxes; Reduction of Damages.* The vendor of the land held under a tax deed, and in an action wherein the judgment of eviction was rendered, the vendee recovered from the owner of the paramount title all taxes paid by the vendor, with interest at the statutory rate up to the time of eviction. *Held,* That the amount so received by the vendee should be allowed to the vendor in reduction of the damages for the breach of his covenant of warranty.

*Error from Atchison District Court.*

ACTION brought by *Gottleib Wolf* against *W. R. Stebbins*, to recover damages for a breach of the covenant of warranty in a deed of real estate from plaintiff to defendant, situate in Doniphan county. The action was tried in the district court of Atchison county without a jury, at its November Term, 1883, upon an agreed statement of facts, which is as follows:

"1. The land described in the plaintiff's petition was subject to taxation for the year 1871, and assessed, and, the taxes remaining unpaid, was sold for such taxes on the first Tuesday of May, 1872, and at such sale was purchased by said G. I. and W. R. Stebbins, then partners in business under said name.

"2. On the 18th day of November, 1875, the county clerk of Doniphan county, Kansas, made, executed, acknowledged and delivered to said G. I. and W. R. Stebbins, a tax deed to said premises, which deed was recorded in the office of the register of deeds of said Doniphan county on the 20th day of November, 1875, but which deed was held to be, by the district court of said county, void upon its face, and set aside; said G. I. and W. R. Stebbins obtained another tax deed to said premises from said clerk, in due form, on November 30, 1876, which was also set aside as defective; said Stebbins paid the subsequent taxes on said land, for each year, down to and including the first half of the year 1876, under and by virtue of the tax-sale certificate and deed.

"3. At the date of said sale for taxes and tax deeds, and prior and subsequent thereto, the original or patent title to said land was in Elizabeth W. Long.

"4. At the September term, 1876, of the district court of Doniphan county, said G. I. and W. R. Stebbins obtained a judgment and decree against said Elizabeth W. Long, in a suit therefor, quieting their title to said land, and excluding said Long from all interest therein.

"5. On the 25th day of November, 1876, said G. I. and W. R. Stebbins sold said real estate to the plaintiff herein, Gottleib Wolf, for the consideration of three hundred and seventy-five dollars, of which sum $25 in cash was paid at the time of said sale, and said Wolf and wife gave to said W. R. Stebbins their note and mortgage on said land for $350, balance of purchase-money, and on the same day, said G. I. and

W. R. Stebbins executed and delivered to said Wolf a deed of general warranty to said land, a true copy of which is attached to plaintiff's petition as an exhibit; said mortgage for $350, residue, was assigned to Brown & Bier, which was subsequently paid out of moneys recovered from said Long for taxes paid on said land and the interest thereon.

"6. On August 23, 1877, said Elizabeth W. Long filed her motion in the district court of Doniphan county, to vacate and set aside said judgment and decree obtained by said G. I. and W. R. Stebbins, quieting their title to said land, as irregular and void, and at the September term, 1877, of said court, upon due notice to said Stebbins, and hearing, said motion was sustained and said judgment and decree vacated and set aside.

"7. On April 27, 1879, Elizabeth W. Long filed her petition in the district court of Doniphan county, against Gottleib Wolf, plaintiff herein, then in possession, to recover said land and the rents and profits thereof, and on the final trial, had in said court on the 16th day of September, 1881, at the September term, 1881, of said court, the said Long obtained judgment and decree for the title and possession of said land, and adjudging the title and right of possession to be in said Long, the court denying and refusing the claim of said Long for rents and profits of said land, prior to the notice by service of summons on said Wolf, in said action, to wit, May 27, 1879, and adjudging that said Wolf was entitled to the benefit of the occupying-claimants law, for all permanent improvements made on said land, and to all taxes paid and interest thereon, before said Long should be let into possession. Said Wolf was evicted from said lands by judgment of said court on April 1st, 1882.

"8. The certified copy of the journal entry of the judgment and decree in said cause, in said court, and the verdict and the assessment of the sheriff's jury, with the orders and the judgment of the court thereon, and receipts for moneys paid, is hereto attached, and agreed to be correct, but the same is to be introduced in evidence as part of the facts in the case upon ruling of the court that the same, or some portion or portions thereof, is competent and relevant and material evidence in this case, and then only such competent part shall be admitted.

"9. Said note and mortgage for $350 and interest, the whole amounting to $398.50, which was given by Wolf and wife to said W. R. Stebbins, and by him assigned to said Brown & Bier, was paid in full by said Wolf out of moneys received from said Long for taxes paid on said land by said Wolf and

grantors, and for improvements thereon. Said Wolf also paid costs in said action amounting to $164.70, and expended in time and money while attending said trial the sum of $30.

"10. When said suit of Long v. Wolf was commenced for the purpose of evicting said Wolf from said land, and Wolf duly and legally notified said W. R. Stebbins to defend said suit, which notice said W. R. Stebbins complied with and defended the same for himself in the name of said Wolf, F. D. Mills, Esq., appearing as said Stebbins's attorney; said W. R. Stebbins paid all attorney's fees and costs in said suit, including fees and costs in the supreme court, except the $164.70, costs as aforesaid; said Wolf received the sum of $234.70 in money out of money recovered from said Long for taxes paid and for improvements made on said land, of which amount $234.70, $105 was for improvements made on said land by said Wolf. Said amount of $234.70 is included in the receipts mentioned in the eighth statement of facts.

"11. The whole amount of taxes paid on said land by said Stebbins and said Gottleib Wolf together with interest, as allowed by law and recovered of said Long in said case, is the sum of $692.90, which amount includes also costs of tax deeds and recording same. The amount of said taxes paid by said Wolf, together with the interest thereon, allowed by law, is $129.08; the amount of said taxes paid by said Stebbins, together with interest thereon at the rate of fifty per cent. per annum from the date of payment up to and including November 30, 1876, is $277.12; said last-mentioned sum of $277.12, with interest thereon from said November 30, 1876, to September 16, 1881, at the rate of twenty per cent. per annum, amounts to $543.17; from September 16, 1881, to April 1, 1882, is the sum of $20.60.

"12. The value of said lands, with the improvements thereon at the date of eviction, April 1, 1882, was the sum of $2,300.

"13. The value of the improvements put upon said property and lands by said Wolf, plaintiff herein, since November 25, 1876, and prior to date of commencement of said suit by said Long to evict said Wolf, to wit, May 27, 1877, is $705."

In addition to the facts above stated, there was submitted portions of the record in the case of Long v. Wolf, and which are referred to in the eighth paragraph of the above statement. Upon the facts thus agreed to and submitted, the court made the following conclusions of law:

"1. The plaintiff is entitled to recover of said defendant the sum of $97.88, being the excess of the purchase-price of the land over the defendant's lien and the interest thereon.

"2. The plaintiff is also entitled to interest on said sum at the rate of seven per cent. per annum from November 26, 1876, up to the present time, being $47.58.

"3. The plaintiff is also entitled to recover of the said defendant the sum of $194.70, (being $164.70 costs, and $30 for time and expenses,) with interest thereon from the commencement of this action up to the present time, being, $17.33.

"4. The plaintiff is also entitled to recover of said defendant the costs of this action.

"5. The plaintiff is not entitled to recover of said defendant any other or further sum whatever than these mentioned in conclusions of law, 1, 2, 3, and 4."

Motions were made by both the plaintiff and the defendant for a new trial, which were overruled.  The court, after modifying the finding of the amount due plaintiff by adding the sum of $4.40 for interest upon the costs and expenses paid by the plaintiff, entered judgment in his favor for the sum of $361.49.  Both of the parties excepted to the rulings of the court, and bring the case here for review.

*Mills & Wells*, for plaintiff in error.

*Hudson & Tufts*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.:   One of the disputed points in this case is in regard to the measure of damages for a breach of the covenant of warranty in the conveyance of real estate.   The land was purchased from Stebbins by Gottleib Wolf, on November 26, 1876, and the consideration agreed to be paid was $375. He held possession of the land from that time until April 1, 1882, when he was evicted by the owner of the paramount title, Elizabeth W. Long.   The value of the land at the time of the eviction was $2,300.

Wolf insists that the measure of damages is the value of the land at the time of eviction, while the other party contends that the agreed value of the land at the time it was conveyed

is the true rule for assessing the damages. The latter theory is substantially the one adopted by the trial court. It was held that the purchaser was entitled to the consideration paid for the land, with interest thereon from the time of conveyance, together with reasonable costs and expenses incurred by the purchaser in defending his title, allowing the vendor credit for such benefits as the purchaser derived from the conveyance, and for which he was not answerable to the owner of the paramount title.

There is some conflict of decision upon the rule for assessing damages in such a case, but the weight of authority supports the theory which the court below adopted. (Rawle on Covenants for Title, 4th ed., p. 242, and cases cited; 3 Washb. on Real Pr., 423; 2 Sutherland on Damages, 280; 1 Sedgwick on Damages, p. 338, and note.) In this country the value of land fluctuates, and is frequently enhanced to an enormous extent. The construction of a railroad near to, or the building of a town upon the land, or other adventitious circumstances occurring between the sale and the discovery of the defective title, might enhance its value an hundred fold, and to require the vendor to pay such increased value would be a hardship and an injustice. The rule measuring the damages by the value of the land as agreed upon by the parties at the time of its alienation is more reasonable and just, and while this general rule is subject to modification by circumstances, we think it is applicable to the facts in this case.

The plaintiff in error, W. R. Stebbins, complains of the rulings of the court, first, in allowing Wolf interest on the consideration-money for the whole time from the date of the deed till the eviction; and second, in failing to set off the full benefits which Wolf derived from the tax lien and the moneys paid thereon by Long in the ejectment action, in reduction of damages in this action.

In respect to interest on the purchase-price of the land, it appears that Wolf entered upon and held possession of the land from the time of its purchase down until April 1, 1882, when he was evicted in the suit brought against him by Eliza-

beth W. Long. In that action he was held to account to Long
for the rents and profits of the land from the service of the
summons on May 27, 1879. From the time of the sale until
the last-named date, the rents and profits arising from his pos-
session and use of the land amounted to $160. He was not
required to account to Long for the use of the land during
this period, and as interest is given to counterbalance the claim
of the true owner for mesne profits, we think Wolf ought
not to recover interest on the consideration-money while he
had the use of the premises free of expense. The rule in re-
gard to the recovery of interest as an item of damages, has
been well stated, as follows:

"Interest is not recovered when the premises have been oc-
cupied by the warrantee, and he has not accounted nor is ac-
countable for the rents and profits. It would be unjust. He
who buys a farm or house and lot, agrees to part with the use
of the consideration forever, for the use of the farm or house
and lot forever. As long as he has the use of the farm, or
house and lot, so long should the seller have the use of the
consideration. In such case the use and occupation are pre-
sumed to be equal to the use of the purchase-money. And if not,
the grantee has no ground for complaint while he is undisturbed
in the enjoyment of that for which he was content to pay the
purchase-money." (2 Sutherland on Damages, p. 300. See
also *Combs v. Tarleton's Adm'rs*, 2 Dana, 465; *Wead v. Larkin*,
49 Ill. 99; *Thompson v. Jones*, 11 B. Mon. 365; *Clark v.
Parr*, 14 Ohio, 121; *Whiting v. Dewey*, 15 Pick. 428; 2 Wait's
Actions and Defenses, p. 401.)

We think therefore that Wolf ought to be limited in his
recovery of damages on account of interest on the purchase-
money to that which would accrue after the service of the
summons upon him in the ejectment action, during which time
he was held to account for mesne profits arising from the use
and occupation of the premises, and which amount to $74.67.

Upon the other assignment of error by Stebbins, the agreed
facts show that Stebbins held the land under a tax deed. The
lands were sold to him for the unpaid taxes of 1871, and he
paid the subsequent taxes and charges on the lands down to and
including the semi-annual payment of taxes in 1876. After

that time the taxes levied against the land were paid by Wolf. In the ejectment action in which the judgment of eviction was rendered, Wolf not only received the benefit of all lasting and valuable improvements made upon the land, but he recovered from Long upon the tax lien against the premises the total sum of $692.90. Of this sum, $563.77 was paid to him by reason of the taxes which Stebbins had paid upon the land, and the liberal interest allowed thereon by the statute of the state.

The court, however, did not allow Stebbins this amount in reduction of damages for the breach of the warranty, but only credited him with $277.12, being the amount of Stebbins's tax-title interest in the land at the time of its sale. In this we think there was error. Generally, the warrantor is entitled to all the benefits which the purchaser derives from the defective conveyance in reduction of the amount of recovery against him for a breach of the warranty. It was solely by reason of the tax title and interest conveyed by Stebbins that Wolf received so large a sum of money from Long. The statute for the recovery of taxes provides that where the holder of a tax deed, or anyone claiming under him by virtue of such deed, is defeated in an action for the recovery of the land sold, the successful party before being let into possession shall be required to pay to the other party not only the amount of the taxes, interest and costs which have accrued up to the date of the tax deed, but also interest thereafter on the total amount at the high rate of twenty per cent. per annum. The tax interest or lien conveyed to Wolf by Stebbins rapidly increased on account of this large rate of interest. It was a benefit which flowed directly from the defective conveyance made to Wolf, and as he is not held to account for this benefit to anyone else, it should be considered in assessing the damages in a suit upon the covenant of warranty, against the vendor. (*King v. Kerr*, 5 Ohio, 155; *Booker v. Bell*, 3 Bibb, 173.) We are therefore of opinion that Stebbins is entitled to a credit by way of reduction of damages, for the taxes paid by him, together with all interest which had accrued thereon up to the time of judgment in the action wherein these taxes and interest were paid to Wolf.

We are further of the opinion that the item of $194.70, allowed by the trial court to Wolf for costs and expenses, was incurred by him in good faith in defending the ejectment action brought by Long against him, and is a reasonable and proper charge against the defendant in this case.

Measuring the damages, then, by the rules stated, we find, under the agreed statement of facts, that the items of damages chargeable against Stebbins at the time of the eviction of Wolf are as follows:

| | |
|---|---:|
| The purchase-price of the land at the time of sale...................... | $375 00 |
| Interest on the purchase-price from May 27, 1879...................... | 74 67 |
| Costs and expenses in defending suit wherein judgment of eviction was rendered................................................................ | 194 70 |
| Total................................................................ | $644 37 |
| Deduct amount received by Wolf for taxes paid by Stebbins, and interest thereon............................................................ | 563 77 |
| Amount due Wolf April 1, 1882.................................. | $80 60 |

Wolf is therefore only entitled to a judgment for this balance, together with the interest thereon at seven per cent. until November 12, 1883, the date of judgment in this case, which amounts to $89.66.

The judgment of the district court will therefore be modified by awarding judgment in favor of the plaintiff Wolf for $89.66. The costs in this court will be divided.

All the Justices concurring.