EFFIE DANFORTH v. T. ELWOOD SMITH et al.

1. CASE, *Followed. Stebbins v. Wolf*, 33 Kas. 765, followed.

2. COVENANTS — *Breach — Measure of Damages.* The vendor of land held under a tax deed; subsequently his vendee, holding under a conveyance of warranty, voluntarily suffered eviction, yielding to a paramount title, the vendee receiving from the owner of the paramount title all the taxes paid by her vendor, and also all taxes paid by herself, with interest at the statutory rate, up to the time of eviction; the taxes, costs, interest and penalties received by her upon the taxes paid by the vendor exceeded the consideration of the land; the vendee also held control of the land — vacant prairie — after her purchase until the eviction, and rented the same for grazing purposes for two years. *Held*, That in view of the benefits which the vendee received following directly from the conveyance to her, and as she was not compelled to account for these benefits or the use or occupation of the land to anyone, she was not, under the circumstances of the case, entitled to recover any further or other damages upon the covenant of warranty.

*Error from Linn District Court.*

ON the 12th of March, 1886, Effie Danforth commenced her action against T. E. Smith and Rebecca S. Smith in the district court of Linn county to recover $600, with interest from the 1st day of November, 1869, and costs, upon a breach of warranty of real estate; trial had on the 17th of December, 1887, before the court without a jury. The court made and filed the following special findings of fact:

"1. Said defendants, on November 1, 1869, for six hundred

dollars in hand paid, executed and delivered their deed of general warranty to the plaintiff for the S.E. ¼ of sec. 33, T. 21, of R. 22, in Linn county, Kansas.

"2. At said time said land was vacant prairie, and continued to be such until February 1, 1886, but at all times subject to the control and disposition thereof by plaintiff, who rented the same for grazing purposes during the years 1882 and 1883 for $30.

"3. During all the said time the defendants never exercised or claimed to exercise any right to control the possession of said lands.

"4. At the time of the conveyance to plaintiff the title to said land was in the defendant, T. E. Smith, and was based solely upon a tax deed executed by the county clerk of Linn county, April 27, 1865, and recorded May 6, 1865.

"5. Said T. E. Smith and his grantors paid all the taxes under said tax deed for the years 1860 to 1868 inclusive, the sum of $115.30, amounting with legal interest, penalties and costs, under the tax deed, to $684.02, on February 18, 1886.

"6. Said plaintiff paid the taxes under her deed for the years 1869 to 1885 inclusive, the sum of $239.42, amounting with legal interest, penalties and costs, under the tax laws, to $715.98, on February 18, 1886.

"7. On the 18th day of February, 1886, one John W. Flora claimed the paramount title to said lands, when it was conceded by the defendants and plaintiff that the deed under which they claimed was void, and that Flora was entitled to the possession of said land upon the payment of the legal interest, taxes, costs and penalties under the tax law, to the plaintiff.

"8. On February 18, 1886, said Flora paid to said plaintiff for her sole use and benefit the amount of such taxes, costs, interest and penalties necessary to redeem said land, the sum of $1,400, which was computed as set forth in findings 4 and 5 herein, to wit: Paid by T. E. Smith $684.02; paid by plaintiff $715.98; and took from said plaintiff, with the consent of defendants, a quitclaim deed to said land.

"9. The rental value of said land during the time it was owned by the plaintiff was small; and the value thereof in February, 1886, was $2,400.

"10. Plaintiff, from November 1, 1869, to the present time, has been a non-resident of Kansas, while the defendants during all of the said time have been residents of Linn county, Kansas.

"11. The items of damages chargeable against defendants on February 18, 1886, were as follows: 'Purchase-price at time of sale, $600; interest on same to December 15, 1885, $35; total, $635; and the plaintiff received $1,400, of which $684.02 was from taxes, costs, interest and penalties paid by defendant.'"

Thereon the court found as a conclusion of law, that the amounts received by the plaintiff flowing from the tax title more than compensated for any damages occurring by breach of the warranty.    Subsequently the court rendered judgment in favor of the defendants for costs; the plaintiff excepted, and brings the case here.

*Blue & Rich,* for plaintiff in error.

*J. D. Snoddy,* and *Howard T. Smith,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The only question in this case is the measure of damages for a breach of the covenant of warranty in the conveyance of real estate.    The land was purchased from T. E. Smith, his wife joining in the deed, November 1, 1869, for $600; after the date of the deed, the land was at all times subject to the control and disposition of the plaintiff, who rented the same for grazing purposes during the years 1882 and 1883 for $30; at the time of the conveyance to the plaintiff the title of the land was in T. E. Smith, but was based solely upon a tax deed executed April 22, 1865; on February 18, 1886, the plaintiff voluntarily yielded the land to John W. Flora on account of his paramount title; Flora at the same time paid to the plaintiff the taxes, interest, costs and penalties to which the plaintiff was entitled under the tax law; the amount received by the plaintiff for taxes, interest, costs and penalties upon the tax deed paid prior to her purchase, was $684.02; she also received from Flora for taxes, costs, interest and penalties to which she was entitled subsequent to her purchase, $715.98; at the time that the plaintiff yielded possession of the land, in February, 1886, it was worth $2,400.    It is the contention of the plaintiff that as her measure of damages,

she is entitled to the purchase-price of the land, to wit, $600, with interest thereon at 7 per cent. per annum from November 1, 1869, making a total of $1,356. It is immaterial whether the tax deed gave possession or not. No one contested the plaintiff's possession; she had full control of the land, and through her tenant, actual occupation, because it appears that she rented the land for grazing purposes during the years 1882 and 1883, and was not held to account to anyone for the rents or for the benefits which she received flowing directly from the conveyance to her. It was solely by reason of the tax title and interest conveyed by T. E. Smith and wife that the plaintiff received so large a sum of money from Flora, when she voluntarily suffered eviction. As the land had a usable value, and as the plaintiff had the possession thereof from the purchase to her eviction, with the opportunity of enjoying all of its benefits without liability to account for the mesne profits; and as she received in return of the taxes, interest, penalties, etc., an amount in excess of the consideration paid by her for the land, we do not think she ought to recover further or other damages from the defendants. (*Stebbins v. Wolf*, 33 Kas. 765.) If the plaintiff had not obtained possession of the land, or if the land had no usable or beneficial value, or if the plaintiff had been compelled to account for the mesne profits while the land was under her control, different questions would be presented for our consideration. It would be unjust, it seems to us, to say to the defendants under the facts of this case, that they should pay interest upon the purchase-money, and yet be allowed nothing for the use and benefits that the plaintiff has derived and had the opportunity to derive from the possession of the land which she obtained under the conveyance to her.

The judgment of the district court will be affirmed.

All the Justices concurring.