G. W. AND S. M. CRAVEN v. SNEATHEN CLARY AND
NANCY A. CLARY.

**No. 344.**

COVENANT OF WARRANTY—*Action for Breach—Measure of Damages.* In an action to recover damages for a breach of a covenant of warranty, where the warrantee has been adjudged to be evicted and then purchased the paramount outstanding title, the plaintiff has made a case entitling him to judgment when he has shown said judgment of eviction and purchase, the amount of the original purchase-price, and the sum paid for the paramount title, unless the defendant shows matters in defense sufficient to offset the plaintiff's claim.

Error from Pottawatomie district court; WILLIAM THOMSON, judge.   Opinion filed January 4, 1899. Reversed.

*Jno. E. Hessin*, for plaintiffs in error.
*D. V. Sprague*, for defendants in error.

The opinion of the court was delivered by

WELLS, J. : The facts in this case, as they are shown by the pleadings and stipulations on which it was submitted to the court below without other evidence, are substantially as follows : On August 20, 1875, the defendants in error, who were the defendants in the court below, conveyed by a general warranty deed to the plaintiffs in error, who were the plaintiffs in the court below, for the consideration of $525, eighty acres of land in Pottawatomie county. The purchasers went into immediate possession of said land and have had the use of it ever since. On January 13, 1890, in an action then pending in the district court of said county, a judgment was rendered dispossessing said purchasers in favor of a paramount

title held by other parties. These defendants furnished attorneys to defend said suit and paid the costs thereof. Afterward, on January 11, 1894, a stipulation was entered into between the holder of such paramount title and these plaintiffs, under which it was agreed that the plaintiffs should have credit for $1236.50, the amount paid by the defendants for the title under which they claimed, and interest, and the further sum of $568.75 for betterments, and they should be charged for fourteen years' rent at $140 per year, amounting to the sum of $1960, and that the balance due the holder of the paramount title, and the rent of the land not included in the foregoing sums, should offset the taxes paid by the plaintiffs and defendants herein. So that by said stipulation the holder of the paramount title took the land free from any liens thereon, the rents offsetting and balancing the claims of these plaintiffs for betterments, taxes paid, and $1236.50, the sum paid, with interest, by these defendants for the sheriff's deed under which the parties in this case claimed title. Afterward, on December 1, 1893, the plaintiffs herein purchased the outstanding paramount title for the sum of $950, and thus became the full owners of the land and remained in possession thereof.

This action was brought in the court below on February 24, 1894, to recover on the covenants of warranty in the deed first herein referred to, asking judgment for the consideration of said deed, $525, with interest at seven per cent. per annum from the date of the deed. An answer and reply were filed, and the case was submitted to the court on the pleadings and a stipulation containing some of the facts hereinbefore stated. The court found for the defendants and the matter is brought here for review.

Craven v. Clary.

There is no question of fact in the case.  The only question is, Do the pleadings and stipulation authorize the judgment?  It is claimed by the defendants in error that the plaintiffs had the use of the land for fourteen years, which they stipulated was worth $1960, and two years more, the value of which does not appear, and as an offset to said rent they received a credit of $1236.50 for money paid by these defendants and interest, and also of $568.75, the value of the betterments, a part of which was made by these defendants, and also some taxes paid by them, the amount of which does not appear ; that all these sums, the benefit of which had gone to the plaintiffs, should offset any liability of the defendants on their warranty.  The supreme court held, in *Dale v. Shively*, 8 Kan. 276 :

"The measure of damages upon breach of the covenant of seisin is, as a general rule, the consideration money and interest.  But where the vendee buys in the paramount title, his recovery is limited to the amount he pays therefor and interest."

In *Stebbins v. Wolf*, 33 Kan. 765, 7 Pac. 542, it was held :

"Interest upon the consideration money is given to counterbalance the mesne profits which the real owner may recover, and therefore, for such time as the warrantee occupies and enjoys the use of the premises without liability to the owner of the paramount title, no interest is recoverable.

"The vendor of the land held under a tax deed, and, in an action wherein the judgment of eviction was rendered, the vendee recovered from the owner of the paramount title all taxes paid by the vendor, with interest at the statutory rate up to the time of eviction.  *Held*, that the amount so received by the vendee should be allowed to the vendor in reduction of the damages for the breach of his covenant of warranty."

There are several other Kansas decisions bearing more or less directly on the issues herein, and from them all we think the following rules can be deduced :

1. The measure of damages upon breach of the covenant of warranty is, as a general rule, the consideration paid with lawful interest.

2. Where the grantee has the benefit of the use of the premises, such benefits will offset the interest during the time he has had them without accounting therefor to the successful claimant.

3. Where the vendee buys in the paramount title, his recovery is limited to the amount he pays therefor with interest.

4. Where the vendee recovers from the successful claimant for the taxes, improvements or betterments paid for or put thereon by the vendor, the amount so received should be deducted from the sum that he would otherwise be entitled to recover as damages.

Applying these rules to the case at bar, we find that the plaintiffs would be entitled to recover either the amount they paid, with interest for the time that they were required to account to the successful claimant for the rent of said place, less the amount recovered by them for the liens allowed on account of payments or betterments made by their grantors, or the sum they paid to secure the outstanding paramount title, with interest from the date of said payment to the date of judgment, whichever is the lesser amount. There is nothing in the record by which these amounts can be accurately and equitably determined. We know what the plaintiffs paid for the original deed and what they paid for the outstanding title. These make their case, and the defendants are required to prove whatever offset they may have thereto. They are probably entitled to some offset for improvements made, taxes paid, or

money advanced on the premises, but in the present condition of the record it is impossible to determine what amount.

The judgment of the district court will be reversed and a new trial directed.